Argued and submitted December 7, 2021, reversed and remanded
January 12, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL GEORGE SPEROU,
aka Michael Sperou,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CR10194; A173587

501 P3d 560

Andrew M. Lavin, Judge.

Steven Sherlag argued the cause for appellant. Also on the briefs was Sherlag De Muniz LLP.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

In this criminal proceeding, defendant appeals from a judgment of conviction for two counts of first-degree unlawful sexual penetration, ORS 163.411, raising 17 assignments of error. This is defendant's second appeal; the first appeal resulted in his convictions being reversed and remanded in *State v. Sperou*, 365 Or 121, 442 P3d 581 (2019). On remand, defendant proceeded to a second jury trial, the trial court granted defendant's motion for judgment of acquittal on one of the three counts of first-degree unlawful sexual penetration, and the jury returned 11-to-1 guilty verdicts on the remaining two counts. On appeal, defendant's first 16 assignments of error challenge various pretrial evidentiary rulings regarding the admissibility of evidence. In his seventeenth assignment of error, defendant contends that the trial court erred in instructing the jury, over his objection, that it could return nonunanimous verdicts and that the instructional error requires a new trial because the jury returned nonunanimous guilty verdicts. In response to the seventeenth assignment of error, the state concedes that defendant is entitled to a reversal of his convictions under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020). We accept the state's concession and reverse and remand defendant's convictions. That disposition obviates the need to address defendant's remaining 16 assignments of error.[1]

Reversed and remanded.

---

[1] Although the parties encourage us to address defendant's remaining assignments of error, especially because the case previously has been remanded for a new trial and because the parties extensively litigated on remand the admissibility of the uncharged misconduct evidence at issue, we decline to do so under the circumstances of this case. The challenged evidence includes a multitude of different incidents or statements, which the state presented in an offer of proof using the transcripts of the witnesses from the first trial. We decline to address defendant's remaining assignments of error because to do so would require us to speculate on whether and to what extent the parties would maintain the same positions—that is, offer the same evidence and make the same legal arguments—on remand. Further, as the parties recognize, there are recent decisions—including those that were decided after the trial court's thorough ruling in this case—that may bear on the court's evidentiary rulings on remand.